# EXHIBIT A

**DELIVER THESE PAPERS TO YOUR LIABILITY INSURANCE CARRIER IMMEDIATELY. FAILURE TO DO SO MAY RESULT IN LOSS OF COVERAGE.**

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOHN J. BONAFEDE**
148 Yeager Drive
Cheektowaga, New York 14225

                Plaintiff,                **SUMMONS**

      vs.

**WALMART STORE #2355**
5033 Transit Road
Williamsville, New York 14221

      and

**WALMART INC.**
28 Liberty Street
New York, New York 10005

                Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO THE ABOVE-NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** and required to serve upon the plaintiff's

attorneys an Answer to the Complaint in this action within twenty (20) days after

the service of the Summons, exclusive of the day of service, or within thirty (30)

days after service is complete if this Summons is not personally delivered to you

within the State of New York.  In case of your failure to Answer, judgment will be

taken against you by default for the relief demanded in the Complaint.



**The Dietrich Law Firm P.C.**
101 John James Audubon Parkway
Buffalo, New York 14228

The basis for the venue designated is the residence of the plaintiff, which is

148 Yeager Drive in the Town of Cheektowaga, the County of Erie, and the State

of New York.

DATED: March 18, 2024

Yours, etc.

**THE DIETRICH LAW FIRM P.C.**

**Rebecca L. Postek, Esq.**
Attorneys for Plaintiff
101 John James Audubon Parkway
Buffalo, New York 14228
(716) 839-3939

2

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOHN J. BONAFEDE,**

               Plaintiff,

    vs.

**WALMART STORE #2355 and
WALMART INC.,**

               Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

The plaintiff, above-named, by The Dietrich Law Firm P.C., for his Complaint against the defendants, above-named, alleges upon information and belief:

1.      At all times herein relevant, the plaintiff John J. Bonafede has been a resident of the County of Erie and the State of New York.

2.      At all times herein relevant, the defendant Walmart Store #2355 has been duly authorized to conduct business in the State of New York.

3.      At all times herein relevant, the defendant Walmart Inc. has been a foreign business corporation duly authorized to conduct business in the State of New York.

4.      At all times herein relevant, the defendant Walmart Store #2355 was responsible for the actions of its servants, agents, and employees under the doctrine of *Respondeat Superior*.



**The Dietrich Law Firm P.C.**
101 John James Audubon Parkway
Buffalo, New York 14228

Case 1:24-cv-00558 Document 1-2 Filed 06/12/24 Page 5 of 9

5. At all times herein relevant, the defendant Walmart Inc. was responsible for the actions of its servants, agents, and employees under the doctrine of *Respondeat Superior*.

6. At all times herein relevant, the defendant Walmart Store #2355 has conducted business at 5033 Transit Road in Williamsville, the County of Erie, and the State of New York and, as such, personal jurisdiction is conferred upon this Court pursuant to CPLR 302(a)(1).

7. At all times herein relevant, the defendant Walmart Inc. has conducted business at 5033 Transit Road in Williamsville, the County of Erie, and the State of New York and, as such, personal jurisdiction is conferred upon this Court pursuant to CPLR 302(a)(1).

8. At all times herein relevant, the defendant Walmart Store #2355 leased and/or owned and/or managed and/or controlled and/or maintained the premises commonly known as Walmart Supercenter located at 5033 Transit Road in Williamsville, the County of Erie, and the State of New York.

9. At all times herein relevant, the defendant Walmart Inc. leased and/or owned and/or managed and/or controlled and/or maintained the premises commonly known as Walmart Supercenter located at 5033 Transit Road in Williamsville, the County of Erie, and the State of New York.

10. At all times herein relevant, the defendant Walmart Store #2355 was responsible for inspecting and maintaining the property located at

2

5033 Transit Road in Williamsville, the County of Erie, and the State of New York.

11.     At all times herein relevant, the defendant Walmart Inc. was responsible for inspecting and maintaining the property located at 5033 Transit Road in Williamsville, the County of Erie, and the State of New York.

12.     On or about June 7, 2021 at approximately 4:19 p.m., the plaintiff John J. Bonafede was a lawful patron on the property commonly known as Walmart Store #2355 located at 5033 Transit Road in Williamsville, the County of Erie, and the State of New York.

13.     On or about June 7, 2021 at approximately 4:19 p.m., the plaintiff John J. Bonafede was caused to slip and fall on a wet, slippery, and/or otherwise unmaintained floor at or near the main aisle between aisles 15 and 17 at the defendants' property located at 5033 Transit Road in Williamsville, the County of Erie, and the State of New York, and as a result the plaintiff suffered severe, permanent, and disabling physical injuries.

14.     The fall and resulting injuries described in the paragraphs above occurred solely as a result of the carelessness, recklessness, and/or negligence of the defendants, their servants, agents, employees, and/or others for whom the said defendants are responsible, without any fault attributable in any measure to the plaintiff John J. Bonafede.

15.     That the carelessness, recklessness, and/or negligence of the defendants included causing, creating, and/or contributing to a dangerous

3

condition; failing to provide a safe environment; failing to maintain the premises in a reasonably safe condition; failing to warn the plaintiff of a dangerous condition; failing to properly inspect said premises; and upon information and belief, despite having actual and/or constructive notice of the dangerous condition, failing to correct it and otherwise being careless, reckless, and/or negligent.

16.     That by reason of the aforesaid, the plaintiff sustained severe, permanent, disabling physical injuries, and pain and suffering, and has been unable to perform his normal and customary duties as well as his usual recreation and leisure activities.

17.     The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR § 1602 applies.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF JOHN J. BONAFEDE AGAINST THE DEFENDANT WALMART STORE #2355

18.     The plaintiff John J. Bonafede repeats and re-alleges the above paragraphs as if set forth in their entirety herein.

19.     The incident described in the paragraphs above occurred as a result of the defendant Walmart Store #2355's negligence and/or recklessness without any negligence attributable in any measure to the plaintiff John J. Bonafede.

4

20.    The defendant Walmart Store #2355 is responsible for the actions of its servants, agents, and employees under the doctrine of *Respondeat Superior*.

21.    As a result of the negligence and/or recklessness of the Walmart Store #2355, as alleged above, the plaintiff John J. Bonafede was injured and suffered damages in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF JOHN J. BONAFEDE AGAINST THE DEFENDANT WALMART INC.

22.    The plaintiff John J. Bonafede repeats and re-alleges the above paragraphs as if set forth in their entirety herein.

23.    The incident described in the paragraphs above occurred as a result of the defendant Walmart Inc.'s negligence and/or recklessness without any negligence attributable in any measure to the plaintiff John J. Bonafede.

24.    The defendant Walmart Inc. is responsible for the actions of its servants, agents, and employees under the doctrine of *Respondeat Superior*.

25.    As a result of the negligence and/or recklessness of the defendant Walmart Inc., as alleged above, the plaintiff John J. Bonafede was injured and suffered damages in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.

5

**WHEREFORE,** the plaintiff demands judgment against the defendants, jointly and severally, in all causes of action in an amount which exceeds the monetary jurisdictional limits of all the lower courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court. The plaintiff demands such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

DATED: March 18, 2024

Yours, etc.

**THE DIETRICH LAW FIRM** P.C.

**Rebecca L. Postek, Esq.**
Attorneys for Plaintiff
101 John James Audubon Parkway
Buffalo, New York 14228
(716) 839-3939

6